George L. Payne
vs.
Imperial Printing & Finishing Co.

W. C. A. Pet. No. 899

March 18, 1929.

TANNER, P. J. This is a Workmen's Compensation case and has been heard upon the question of whether or not the employer should be ordered to continue payments to the petitioner.

The petitioner was injured on the 9th day of August, 1927, and compensation was paid for total incapacity from the 17th day of August, 1927, to the 20th day of March, 1928. The petitioner was pulled by a belt onto a pulley and his arm was broken and other injuries received. The arm has healed, but the petitioner claims that he still suffers from duodenal ulcers of the stomach and duodenum as a result of the injury.

One of the doctors who attended the petitioner testified that in his opinion the ulcers were due to the injury, but in his testimony he does not definitely locate the time when the stomach injuries commenced. Dr. Palmer, for the defendant, states that it was not until several months after he first saw the petitioner that the latter made any complaint as to trouble in his stomach and he is of the opinion that the ulcers had no connection whatever with the injury; that if he had had ulcers from the injury they would have shown themselves soon after the accident and that traumatic ulcer usually came very quickly. Dr. Chapman, for the defendant, is of the opinion that the ulcer had no connection whatever with the injury.

The petitioner himself did not definitely locate the time when his stomach troubles commenced.

In this state of the testimony we are unable to say that the petitioner has proven by a fair preponderance of the testimony that his present troubles for which he wishes compensation were in any wise due to the accident.

The petition must therefor be dismissed.

For petitioner: Fergus J. McOsker.
For respondent: Sherwood, Heltzen & Clifford.

Ryan & La Chappelle, et al.
vs.
Pasquale Capaldo

W. C. A. Pet. No. 864.

March 19, 1929.

TANNER, P. J. This is a petition to review the preliminary agreement in a Workmen's Compensation case.

The question involved is whether or not the respondent has recovered from his injuries so as to enable him to work.

While the medical testimony differs, the expert appointed by the Court, upon a careful examination and the application of tests, is of the opinion that the man has entirely recovered and is able to work.

We must therefore grant the petition that the insurance company should be relieved of further payment.

For petitioners: Hinckley, Allen, Tillinghast & Phillips.
For respondent: William H. Foley.